JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief
ALISON C. FINNEGAN, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0500; Fax: (202) 305-0275

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| CENTER FOR ENVIRONMENTAL HEALTH, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ANDREW WHEELER, in his official capacity as Administrator of the U.S. Environmental Protection Agency, et al., | ) ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| CROPLIFE AMERICA, | ) ) |
| Intervenor-Defendant. | ) ) ) |

CASE NO. 4:18-cv-03197-SBA

**CONSENT MOTION TO ENTER STIPULATED PROTECTIVE ORDER**

1

Defendants Andrew Wheeler, in his official capacity as Administrator of the U.S. Environmental Protection Agency ("EPA"), the EPA, the U.S. Fish and Wildlife Service ("FWS"), and David Bernhardt, in his official capacity as Secretary of the Department of Interior ("Federal Defendants"), by and through their undersigned counsel, respectfully request the entry of a protective order governing the production, use, and submission of certain confidential and otherwise restricted information contained in the administrative records for above-captioned litigation. Plaintiffs and Defendant-Intervenor consent to this motion. In further support of this motion, Federal Defendants state:

1.   This case alleges that FWS and EPA have failed to comply with the Endangered Species Act ("ESA"), 16 U.S.C. §1531 et seq., with respect to the ESA Section 7 consultation on the registration or reregistration actions under the Federal Insecticide, Fungicide and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136 et seq., of 21 pesticide products containing the active ingredient malathion.  Plaintiffs also allege that, pursuant to Section 706(1) of the Administrative Procedure Act, FWS and EPA have unlawfully withheld or unreasonably delayed completion of the ongoing ESA Section 7 consultation concerning malathion.

2.   On January 24, 2020, Federal Defendants filed and served their certified indices for the administrative records in this case.  ECF 70.

3.   The certified indices to the administrative records indicated that the administrative records may contain confidential business information (including trade secrets and proprietary information) and other sensitive material submitted by registrants and applicants to EPA that are subject to various confidentiality and release restrictions. Specifically, FIFRA Section 10(b) imposes, among other things, strict limitations on EPA's disclosure of information submitted by registrants and applicants, as well as EPA reviews, studies, and other documents to the extent that they contain or can be used to ascertain confidential business information from that submitted information. *See* 7 U.S.C. § 136h(b).  Records such as information submitted by registrants and applicants may contain confidential business information.  FWS's certified index also indicated that it contains documents that may have confidential business information

1  received from applicants and trade associations, or associated with governmental conference call
2  line information.

3      4.    Record materials that may qualify as confidential business information cannot be
4  disclosed to the parties in these actions without permission from the registrant or applicant that
5  submitted the information, a determination that the information does not qualify as confidential
6  business information, or an appropriate protective order from the Court. *See* 7 U.S.C. § 136h; 40
7  C.F.R. §§ 2.204(c)(1), (c)(2)(i); 2.307.[1]  Even where information is not expressly claimed as
8  confidential by the registrant or applicant, EPA may have an obligation to contact the affected
9  company and verify whether it asserts a confidentiality claim in situations where the company
10  might be expected to assert a claim. *See* 40 C.F.R. § 2.204(c)(2).

11      5.    In addition to restrictions on confidential business information, FIFRA Section
12  10(g) contains separate limitations on EPA's ability to release scientific data submitted by
13  registrants and applicants that are part of the administrative records in this case. 7 U.S.C. §
14  136h(g)(1). Specifically, without the submitter's consent, EPA cannot disclose such scientific
15  data to the parties in these actions unless they each affirm that they are not a foreign or
16  multinational pesticide producer or distributor and do not seek access to the data for purposes of
17  providing it, or negligently causing it to be delivered, to a foreign or multinational pesticide
18  producer or distributor. *Id*. Additionally, Plaintiffs, although presumably able to sign a Section
19  10(g) affirmation, would still be required to affirm, among other things, that they "will not
20  purposefully deliver the information (or negligently cause it to be delivered) to any [foreign or
21  multinational pesticide producer or distributor] or to any of its employees or agents"—essentially
22  prohibiting Plaintiffs from releasing the information in a public court filing. *See* Affirmation of
23  Non-Multinational Status, https://www.epa.gov/foia/affirmation-non-multinational-status; *see*
24  *also* 7 U.S.C. § 136h(g)(1).

---

[1]  There are narrow authorities under FIFRA that allow for disclosure of confidential business information to the public, but they do not apply here. *See, e.g.*, 7 U.S.C. §§ 136h(b), (d)(2).

3

6. Moreover, FIFRA Section 10(f) imposes civil and criminal penalties on any federal employee who willfully discloses material protected by FIFRA Section 10(b) to any person not entitled to receive it. *See* 7 U.S.C. § 136h(f) (providing for fine up to $10,000, one-year imprisonment, or both).

7. Absent a protective order, EPA would have to engage in a lengthy and exhaustive effort to review, specifically identify, and confirm the confidentiality of each item of non-releasable information contained in each of the administrative records and then attempt to obtain the submitters' consent to release that information, as required by statute and EPA regulations. This would unnecessarily and significantly delay the resolution of the above-captioned case.

8. To avoid such a delay, and for good cause, Federal Defendants request that the Court enter a protective order providing that, among other things, when Federal Defendants determine that record documents may be subject to release restrictions, those documents would only be produced to the parties under explicit conditions, limiting who may access restricted material, and requiring that the parties use restricted material only for purposes of the above-captioned case and maintain the strict confidentiality of such material. The proposed protective order also would require the parties to file with the Court under seal any brief, pleading, or other material that contains or discloses restricted information, pursuant to Local Rule 79-5. These and other equally pertinent proposed terms are set forth in the attached proposed protective order governing confidentiality, the terms of which reflect the parties' negotiation and agreement.

9. Granting this request will not unreasonably delay these proceedings or prejudice any party. Rather, it will expedite the production of the administrative records in the above-captioned case. As set forth in Federal Defendants' Notice of Filing Certified Indices to Administrative Records (ECF 70), Federal Defendants intend to provide the documents that comprise their administrative records to the parties within 10 business days of entry of the protective order, a time period that will account for the requirements in 40 C.F.R. § 2.209(d) that EPA notify the registrants of malathion products that information claimed as confidential or determined to be confidential is being released under a protective order.  ECF 70 at 2.

WHEREFORE, Federal Defendants respectfully request that the Court grant this consent motion and issue a protective order containing all of the provisions as provided in the attached proposed protective order governing confidentiality.

Dated: February 5, 2020

Respectfully submitted,

JEAN E. WILLIAMS,
Deputy Assistant Attorney General
Environment & Natural Resources Division
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Chief

/s/ Alison C. Finnegan
ALISON C. FINNEGAN, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0500 Fax: (202) 305-0275
*Counsel for Federal Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2020, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send notification of such to the attorneys of record.

/s/ Alison C. Finnegan