UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CENTER FOR ENVIRONMENTAL HEALTH, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>ANDREW WHEELER, in his official capacity as Acting Administrator of the U.S. Environmental Protection Agency, et al.,<br><br>　　　　Defendants,<br><br>and<br><br>CROPLIFE AMERICA,<br><br>　　　　Intervenor-Defendant. | Case No: 18-cv-03197 SBA<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY AS MOOT; DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE TO RENEWAL; AND DIRECTING PARTIES TO FILE JOINT STATUS REPORT BY JUNE 30, 2022** |

　　　　Plaintiffs Center for Environmental Health, Center for Biological Diversity, and Californians for Pesticide Reform (collectively, "Plaintiffs") bring the instant action against the United States Environmental Protection Agency ("EPA"); Michael S. Regan, in his official capacity as Administrator of the EPA; the United States Fish & Wildlife Service (the "Service"); and Debra Haaland, in her official capacity as Secretary of the Department of Interior (collectively, "Defendants"). The action alleges that Defendants have failed to complete the requisite interagency consultation to ensure that certain pesticide products containing malathion do not jeopardize endangered or threatened species. Second Am. & Supp. Compl. ("SAC"), Dkt. 43. CropLife America, a trade association that represents the common interests of pesticide manufacturers, has intervened as a defendant ("CropLife").

　　　　The factual and procedural background, as well as the relevant statutory and regulatory frameworks, are set forth in detail in the Order Denying Defendants' Motion to Dismiss Second Amended Complaint. Dkt. 62. In brief, the Federal Insecticide, Fungicide,

and Rodenticide Act ("FIFRA") charges the EPA with the oversight of chemicals used as pesticides, including registration of pesticide products and active ingredients used to manufacture such products.  7 U.S.C. § 136 et seq.  Registration of a pesticide constitutes federal agency action subject to the interagency consultation requirements of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536.  <u>Wash. Toxics Coal. v. EPA</u>, 413 F.3d 1024, 1032 (9th Cir. 2005).  Pursuant to Section 7(a)(2) of the ESA, the EPA, in consultation with the Service, must insure that the registration of pesticides under FIFRA "is not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of habitat of such species which is determined . . . to be critical[.]"  16 U.S.C. § 1536(a)(2).  The consultation process includes preparation of a biological opinion.  <u>See</u> 50 C.F.R. § 402.14.

       The EPA began preparing a biological evaluation to assess the effects of pesticide products containing malathion in 2014.  SAC ¶ 54.  The EPA and the Service initially agreed to provide a draft biological opinion in May 2017 and to issue a final biological opinion by December 2017.  <u>Id.</u> ¶ 62.  Those targets were not met.  Instead, the EPA and the Service extended the consultation period for malathion with the expectation that a draft biological opinion would issue in April 2020 and a final biological opinion would issue in March 2021.  <u>Id.</u> ¶ 77.  Again, those targets were not met.  A draft biological opinion ultimately was issued on April 13, 2021.  Frazer Decl. ¶ 3, Dkt. 83-2.  At that time, Defendants planned to issue a final biological opinion by February 28, 2022.  <u>Id.</u>

       On April 13, 2021, Defendants filed a Motion for Stay of Proceedings, seeking to stay the action "until March 1, 2022 or issuance of the final Biological Opinion, whichever occurs sooner."  Dkt. 83 at 1.  Defendants argued that they were committed to issuing a final biological opinion by February 28, 2022 and that moving forward with merits briefing on motions for summary judgment would divert agency resources from that task.  They further argued that various aspects of the action would be moot once a final biological opinion was complete.  Plaintiffs opposed a stay.  Dkt. 89.  Plaintiffs proposed that the parties engage in settlement discussions, however, indicating that they might be amenable

to an agreement that included court enforceable deadlines.  On May 18, 2021, Plaintiffs filed a motion for summary judgment, seeking, *inter alia*, an order requiring Defendants to complete the consultation by February 28, 2022.  Dkt. 95.  Defendants indicated that, if the action were not stayed, they intended to file a cross-motion.  Dkt. 97.

On May 20, 2021, an order issued referring the action to a magistrate judge for an expedited settlement conference.  Dkt. 98.  To facilitate settlement discussions, the parties' respective motions were held in abeyance pending conclusion of the settlement conference.  Id.  Thereafter, the parties engaged in extensive settlement discussions with the assigned Magistrate Judge.  On December 12, 2021, the parties filed a Stipulated Partial Settlement Agreement, resolving Plaintiffs' claims as to Defendants' procedural duties under the ESA.  Dkt. 111.  In pertinent part, Defendants agreed to issue a final biological opinion and conclude the consultation by February 28, 2022.  Id. at 3-4.  The parties indicated that settlement discussions to resolve the remainder of the action were ongoing and requested that the abeyance continue through March 31, 2022.  Dkt. 113.

On March 1, 2022, Defendants filed a notice indicating that the final biological opinion had issued on February 28, 2022, consistent with the Stipulated Partial Settlement Agreement.  Dkt. 118.  On March 17, 2022, the parties filed a joint status report advising that they have drafted a Second Partial Settlement Agreement to resolve the remainder of the action and are in the process of obtaining the necessary approvals to execute the same.  Dkt. 120.  They request that the abeyance continue through June 30, 2022.

Defendants' motion for a stay of proceedings is moot.  In their motion, Defendants sought a stay of the action "until March 1, 2022 or issuance of the final Biological Opinion, whichever occurs sooner."  Dkt. 83 at 1.  Both of those events have now come to pass.  Additionally, the purported justifications for a stay—i.e., that merits briefing would divert resources from the task of completing the final biological opinion and various aspects of the action would be mooted once a final biological opinion was complete—are now without force.  Accordingly, the motion for a stay of proceedings shall be denied as moot.

Plaintiff's motion for summary judgment was filed before the parties' Stipulated Partial Settlement Agreement was executed. Defendants have not filed either an opposition to the motion or their anticipated cross-motion. Plaintiff's motion for summary judgment seeks, *inter alia*, an order requiring Defendants to complete the malathion consultation by a date certain. That consultation has been completed, and the parties currently are engaged in efforts to resolve the remainder of the action. In view of the foregoing, Plaintiff's motion for summary judgment shall be denied without prejudice to renewal. Specifically, in the event the parties are unable to execute their draft Second Partial Settlement Agreement, Plaintiff may refile a motion for summary judgment directed to those aspects of the action that remain. A deadline to file dispositive motions and a briefing schedule will be set in the event the parties' anticipated settlement is not realized.

Accordingly,

IT IS HEREBY ORDERED THAT:

1. Defendants' motion for a stay of proceedings is denied as moot.

2. Plaintiffs' motion for summary judgment is denied without prejudice to renewal. Specifically, in the event the parties' anticipated settlement is not realized, Plaintiff may refile a motion for summary judgment directed to those aspects of the action that remains.

3. The parties shall file a joint status report addressing the progress of their settlement efforts by no later than June 30, 2022.

IT IS SO ORDERED.

Dated: 3/31/2022

_____RS
Richard Seeborg for Saundra B. Armstrong
United States District Judge