Jonathan Evans (CA Bar No. 247376)
Center for Biological Diversity
1212 Broadway Street, Suite 800
Oakland, CA 94612
(510) 844-7100 ext. 318
jevans@biologicaldiversity.org

Stephanie Parent (OR Bar No. 925908)*
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6404
sparent@biologicaldiversity.org

*Attorneys for Plaintiffs*
*Admitted pro hac vice

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| CENTER FOR ENVIRONMENTAL HEALTH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL S. REGAN, in his official capacity as Administrator of the U.S. Environmental Protection Agency, et al., <br><br> Defendants, <br><br> and <br><br> CROPLIFE AMERICA, <br><br> Intervenor-Defendant. | CASE NO. 4:18-cv-03197-SBA <br><br> **JOINT UNOPPOSED MOTION TO EXTEND TIME TO FILE A MOTION FOR AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES; ORDER** |

1

Pursuant to Federal Rule of Civil Procedure 6(b) and Civil Local Rule 6-3 Plaintiffs (Center for Environmental Health, Center for Biological Diversity, and Californians for Pesticide Reform) and Federal Defendants (Michael S. Regan, Administrator of the U.S. Environmental Protection Agency ("EPA"), the EPA, the U.S. Fish and Wildlife Service, and Deb Haaland, Secretary of the Interior) hereby file this joint motion to extend the time for Plaintiffs to file a motion for attorneys' fees and litigation expenses to 90 days from the entry of an order on the Parties' Second Stipulated Partial Settlement Agreement ("Second Settlement"). Dkt. 123.

This extension would allow the Plaintiffs and Federal Defendants time to attempt to resolve the matter of attorneys' fees and costs without Court involvement. The parties have conferred and Defendant-Intervenor CropLife America does not oppose the relief sought in this joint motion.

Under the applicable rules and attorney-fee award provisions of the Endangered Species Act, 16 U.S.C. § 1540(g)(1)(C), Plaintiffs must file a motion for attorneys' fees and bill of costs within fourteen (14) days of the entry of judgment. Fed. R. Civ. P. 54(d); Civil L.R 54-1(a); Civil L.R. 54-5(a). According to the terms of the Second Settlement, that time begins to run from when the Court enters the Parties' proposed order on the Second Settlement. Dkt. 123, ¶ 16. The Equal Access to Justice Act further provides that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses." 28 U.S.C. § 2412(d)(1)(B). The Supreme Court has held that the EAJA filing deadline is not jurisdictional. *Scarborough v. Principi*, 541 U.S. 401, 413-14 (2004); *see also New Life Evangelistic Ctr., Inc. v. Sebelius*, 847 F. Supp. 2d 50, 53 (D.D.C. 2012).

The Parties negotiated a first stipulated partial settlement agreement regarding claims against EPA, Administrator Regan, FWS, and Secretary Haaland, without any admission of the allegations or claims, for the alleged violation of their procedural duties concerning completion of the Final Biological Opinion pursuant to ESA Section 7(a)(2) in Counts 1 and 2 set forth in the complaint. Dkt. 111. The Court entered an order effectuating the first stipulated partial

1  settlement on January 4, 2022, and retained jurisdiction to enforce the terms of the settlement
2  agreement. Dkt. 112.
3       The Parties negotiated a Second Settlement with regard to the remaining claims against
4  the EPA and Administrator Regan for the alleged failure to comply with their substantive duties
5  under ESA Section 7(a)(2) by taking final agency actions of registering or reregistering certain
6  products containing malathion in paragraph 84 of the complaint as set forth in Count 1; the
7  alleged unlawful withholding and/or unreasonable delay pursuant to Section 706(1) of the
8  Administrative Procedure Act, 5 U.S.C. § 706(1), of completion of their substantive duties under
9  ESA Section 7(a)(2) as set forth in Count 2; and the alleged violations of ESA Section 7(d), 16
10 U.S.C. § 1536(d), as set forth in Count 3. Dkt. 123.
11      Having resolved all of the claims in the complaint the only outstanding issues remaining
12 in this case are related to Plaintiffs' attorneys' fees and costs.
13      Plaintiffs have fourteen (14) days from the entry of judgment to file any bill of costs and
14 motion for attorneys' fees and litigation costs pursuant to the ESA. Civil L.R. 54-1(a); Civil L.R.
15 54-5(a); 16 U.S.C. § 1540(g)(4).  Under EAJA, Plaintiffs have thirty (30) days from the final
16 judgment to submit an application for fees and expenses. 28 U.S.C. § 2412(d)(1)(B).
17      To provide additional time for Plaintiffs and Federal Defendants to resolve the matter of
18 attorneys' fees and litigation costs absent any further involvement from this Court, Plaintiffs and
19 Federal Defendants respectfully request that the Court extend the time for Plaintiffs to file any
20 such motion for 90 days from the Court's entry of an order on the Second Settlement.  Providing
21 the parties additional time to attempt to resolve the issue of attorneys' fees and costs would
22 reduce or avoid waste of resources to the Parties and the Court that would be incurred by
23 unnecessary motion practice and additional costs.  The requested time modification would
24 extend by 76 days the deadline for filing the motion for attorneys' fees and costs, and may
25 ultimately allow for faster and more efficient resolution of issues surrounding fees and costs.
26      By agreeing to this request for additional time, Federal Defendants are not conceding that
27 Plaintiffs are entitled to fees. Federal Defendants reserve all rights and defense to entitlement and
28 reasonableness of any fee request. As set forth in the attached proposed order, the parties request

that this Court order them to provide a status update on the resolution of Plaintiffs' attorneys' fees and litigation costs or for Plaintiffs to file their motion for such fees and costs, if such a motion is necessary within 90 days of the entry of the order effectuating the Second Stipulated Partial Settlement Agreement.

Respectfully submitted this 12th day of April, 2022.

| | |
|---|---|
| */s/ Jonathan Evans* | TODD KIM |
| Jonathan Evans | Assistant Attorney General |
| Center for Biological Diversity | Environment & Natural Resources Division |
| 1212 Broadway Street, Suite 800 | SETH M. BARSKY, Chief |
| Oakland, CA 94612 | MEREDITH L. FLAX, Assistant Chief |
| Tel: 510-844-7100, ext. 318 | |
| jevans@biologicaldiversity.org | */s/ Alison Finnegan* |
| | ALISON C. FINNEGAN, Trial Attorney |
| Stephanie Parent | U.S. Department of Justice |
| Center for Biological Diversity | Environment & Natural Resources Division |
| P.O. Box 11374 | Wildlife & Marine Resources Section |
| Portland, OR 97211-0374 | Ben Franklin Station |
| Tel: 971-717-6404 | P.O. Box 7611 |
| | Washington, DC 20044-7611 |
| | Tel: (202) 305-0500 Fax: (202) 305-0275 |
| *Counsel for Plaintiffs* | *Counsel for Federal Defendants* |

**ORDER**

On April 7, 2022, the parties submitted a Second Settlement Agreement in the above captioned case resolving any remaining claims in Counts 1, 2, and 3 of the complaint.

Good cause having been shown, it is hereby ORDERED that Plaintiffs' deadline to file a motion for attorneys' fees and costs and a bill of costs shall be extended to ninety (90) days from the Court's order effectuating the Second Stipulated Partial Settlement Agreement.

**IT IS SO ORDERED.**

Dated: April 13, 2022

_____  RS
Richard Seeborg for Saundra Brown Armstrong
United States District Judge