TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
S. JAY GOVINDAN, Acting Section Chief
MEREDITH L. FLAX, Assistant Chief
ALISON C. FINNEGAN, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0500; Fax: (202) 305-0275

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| CENTER FOR ENVIRONMENTAL HEALTH, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CASE NO. 4:18-cv-03197-SBA |
| MICHAEL S. REGAN, in his official capacity as Administrator of the U.S. Environmental Protection Agency, et al., | ) ) ) **STIPULATION AND FINAL SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND FEDERAL DEFENDANTS FOR ATTORNEYS' FEES AND COSTS AND ORDER** |
| Defendants, | ) ) |
| and | ) ) |
| CROPLIFE AMERICA, | ) ) |
| Intervenor-Defendant. | ) ) ) |

This Stipulation and Final Settlement Agreement for Attorneys' Fees and Costs ("Fee Agreement") is entered into by and between Center for Environmental Health, Center for Biological Diversity, and Californians for Pesticide Reform (collectively, "Plaintiffs"), and Defendants Michael S. Regan, in his official capacity as Administrator of the U.S.

1

Environmental Protection Agency ("EPA"), the EPA, the U.S. Fish and Wildlife Service ("FWS"), and Debra Haaland, in her official capacity as Secretary of the U.S. Department of the Interior (collectively "Federal Defendants"), who, by and through their undersigned counsel, state as follows:

WHEREAS, on January 18, 2017, EPA submitted to FWS a nationwide biological evaluation regarding the effects of malathion and two other active ingredients on species listed as threatened or endangered under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq.*, and their designated critical habitats and requested initiation of consultation pursuant to ESA Section 7(a)(2), 16 U.S.C. § 1536(a)(2) ("the Malathion Consultation");

WHEREAS, Plaintiffs provided Federal Defendants with 60 days' notice of their intent to sue by letter dated March 20, 2018, to which FWS responded on May 18, 2018;

WHEREAS, Plaintiffs filed this case in May 2018 (Dkt. No. 1) ("the Lawsuit");

WHEREAS, Plaintiffs amended the complaint on July 25, 2018 (Dkt. No. 18), and then filed a Second Amended Complaint pursuant to leave of Court on November 27, 2018 (Dkt. No. 43);

WHEREAS, Plaintiffs alleged in the Second Amended Complaint that, in Count 1, FWS failed to comply with its procedural duties under ESA Section 7(a)(2) and EPA failed to comply with its substantive and procedural duties under ESA Section 7(a)(2) by taking final agency actions of registering or reregistering certain products containing malathion in paragraph 84 of the Second Amended Complaint; in Count 2, pursuant to Section 706(1) of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), FWS unlawfully withheld and/or unreasonably delayed completion of its biological opinion for the Malathion Consultation under ESA Section 7(a)(2), and EPA unlawfully withheld and/or unreasonably delayed completion of its procedural and substantive duties under ESA Section 7(a)(2); and in Count 3, that EPA violated ESA Section 7(d), 16 U.S.C. § 1536(d), through an "irreversible and irretrievable commitment of resources that has the effect of foreclosing the implementation of reasonable and prudent alternative measures" related to the Malathion Consultation (Dkt. No. 43);

1    WHEREAS, twice during the course of the Malathion Consultation, FWS requested that
2  both EPA and the technical registrants (which produce malathion products that are used solely to
3  manufacture or formulate other pesticide products) of the products under review agree to extend
4  the ongoing ESA consultation pursuant to ESA Section 7(b), 16 U.S.C. § 1536(b), and both EPA
5  and the technical registrants gave their written consents;
6    WHEREAS, on April 13, 2021, FWS provided a draft biological opinion ("Draft
7  Biological Opinion") for the Malathion Consultation to EPA;
8    WHEREAS, EPA then made the Draft Biological Opinion available to the public on its
9  website for a 60-day comment period, which closed on June 19, 2021;
10    WHEREAS, the Parties to this lawsuit (which included Plaintiffs, Federal Defendants,
11 and Intervenor-Defendant CropLife America), through their authorized representatives,
12 negotiated a stipulated partial settlement agreement with regard to claims against Federal
13 Defendants, without any admission of the allegations or claims, alleging violations of their
14 procedural duties concerning completion of a Final Biological Opinion pursuant to ESA Section
15 7(a)(2) in Counts 1 and 2 set forth in Plaintiffs' Second Amended Complaint ("First Stipulated
16 Partial Settlement Agreement"), which the Court entered on January 4, 2022 (Dkt. Nos. 111,
17 112);
18    WHEREAS, consistent with the terms of the First Stipulated Partial Settlement
19 Agreement, FWS issued the Final Biological Opinion concluding the Malathion Consultation on
20 February 28, 2022 (Dkt. No. 118);
21    WHEREAS, EPA made the Final Biological Opinion publicly available and announced
22 its determination to implement the terms of the Final Biological Opinion on its website on March
23 8, 2022 (Dkt. No. 129);
24    WHEREAS, thereafter, the Parties, through their authorized representatives, reached a
25 stipulation with regard to the remaining claims against the EPA Defendants for the alleged
26 failure to comply with their substantive ESA Section 7(a)(2) duties by taking final agency
27 actions of registering or reregistering certain products containing malathion under the Federal
28 Insecticide, Fungicide, and Rodenticide Act without first completing ESA consultation (as set

forth in paragraph 84 of Count 1 in the Second Amended Complaint); the alleged unlawful withholding and/or unreasonable delay pursuant to Section 706(1) of the APA, 5 U.S.C. § 706(1), of completion of their substantive duties under ESA Section 7(a)(2) as set forth in Count 2; and the alleged violations of ESA Section 7(d), 16 U.S.C. § 1536(d), as set forth in Count 3 ("Second Stipulated Partial Settlement Agreement), which the Court entered on April 13, 2022 (Dkt. Nos. 123, 125);

WHEREAS, Plaintiffs and Federal Defendants, through their authorized representatives, and without any admission of fact or law with respect to Plaintiffs' claim for attorneys' fees and costs, have reached a settlement resolving the claims for attorneys' fees and litigation costs, which are the only remaining claims in the case;

WHEREAS, Plaintiffs and Federal Defendants agree that settlement in the manner described below is in the public interest and is an appropriate way to resolve the dispute between them regarding attorneys' fees and costs without motion practice;

WHEREAS, Plaintiffs and Federal Defendants desire to compromise and settle Plaintiffs' claims for attorneys' fees and costs according to the terms set forth below, and thus agree hereto to this Fee Agreement:

1. Federal Defendants shall pay and Plaintiffs shall accept Three Hundred and Eighty-Five Thousand dollars ($385,000.00) in full settlement of all Plaintiffs' claim under any authority for attorneys' fees, costs, and expenses incurred in the Lawsuit, including in pursuit of their claims for such fees, costs, and expenses.

2. Plaintiffs agree to accept the $385,000.00 payment set forth in Paragraph 1 in full and complete satisfaction of any and all claims, demands, rights, and causes of action for attorneys' fees and costs to which Plaintiffs may be entitled in connection with the Lawsuit through and including the date of this Fee Agreement.  Plaintiffs' acceptance of the $385,000.00 payment set forth in Paragraph 1 shall operate as a full release of Plaintiffs' claims for attorneys' fees and costs arising out of the Lawsuit.

3. Federal Defendants shall make the payment set forth in Paragraph 1 of this Fee Agreement by electronic funds transfer into the account identified pursuant to Paragraph 4, on

behalf of Plaintiffs. Plaintiffs and their attorneys agree to hold Federal Defendants harmless in any litigation, further suit, or claim arising from the payment of the agreed-upon settlement amount, other than for an allegation of Defendants' breach of this Fee Agreement. Notwithstanding the dismissal of the claims, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Fee Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375 (1994).

4. No later than ten (10) days following entry of this Fee Agreement as an order of the Court, Plaintiffs, through their counsel, shall provide counsel for Federal Defendants the following information necessary to process the payment set forth in Paragraph 1 for all Plaintiffs: the Plaintiffs' names, the payees' names, the payees' address, the payees' bank name and bank address, the payees' bank account name and account number, the account type, the Automated Clearing House ("ACH") routing number or the American Banking Association ("ABA") routing number for FedWire payment, the bank routing transit number ("RTN"), and the payees' tax identification number. Upon the request of counsel for Federal Defendants, counsel for Plaintiffs shall provide additional information (including the tax identification numbers of the Plaintiffs), if needed, to process the payment set forth in Paragraph 1, or, if such information is not available, a written explanation under oath for the reasons such information is not available.

5. Federal Defendants shall submit to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), all paperwork necessary to complete the $385,000.00 payment set forth in Paragraph 1 within fourteen (14) business days of receipt of either a signed order from the Court approving this stipulation or receipt of the information described in Paragraph 4, whichever is later. Plaintiffs, through their counsel, shall confirm receipt of the payment to Federal Defendants within seven (7) business days of Plaintiffs' counsel receiving notice of such payment from Plaintiffs' finance department.

6. The Parties agree that this Fee Agreement was negotiated and entered into in good faith and that it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the Parties. This Fee Agreement shall not be offered as evidence in any other judicial proceeding or construed as an admission or concession of any wrongdoing, liability, or any issue

of fact or law concerning the claims settled under this Fee Agreement. Except as expressly provided in this Fee Agreement, none of the Parties waives or relinquishes any legal rights, claims or defenses it may have.

7. No provision of this Fee Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants are obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other law or regulation. In response, Plaintiffs assert that the Anti-Deficiency Act would not excuse compliance with a pre-existing court-approved settlement agreement. Plaintiffs intend to assert this position if Federal Defendants fail to comply with the terms of this Agreement.

8. By entering into this Fee Agreement, Federal Defendants do not waive any right to contest fees claimed by Plaintiffs or Plaintiffs' counsel, including the hourly rates, in any future litigation or continuation of the present action. Further, this Fee Agreement as to attorneys' fees and costs has no precedential value, except to enforce the terms of this Fee Agreement, and shall not be used as evidence in any other attorneys' fees litigation.

9. The terms of this Fee Agreement constitute the entire agreement of the Parties, and all previous understandings, agreements, and communications concerning settlement of Plaintiffs' claims for attorneys' fees, costs and expenses incurred in this Lawsuit that occurred prior to the date hereof, whether express or implied, oral or written, are fully and completely extinguished and superseded by this Fee Agreement. This Fee Agreement may be modified only upon mutual written consent of the Parties and the Court's approval of a joint stipulation to modify this Fee Agreement.

10. The undersigned representatives of Plaintiffs and Federal Defendants certify that they are fully authorized by the Parties they represent to enter into the terms and conditions of this Fee Agreement and to legally bind the Parties to it.

11. The provisions of this Fee Agreement shall apply to and be binding upon each of the Parties including, but not limited to, their officers, directors, servants, employees, successors, and assigns.

The undersigned Parties hereby consent to the form, substance and entry of the foregoing Agreement.

Respectfully submitted this 12th day of August, 2022.

| | |
|---|---|
| /s/ Jonathan Evans (with permission) | TODD KIM |
| Stephanie Parent | Assistant Attorney General |
| Center for Biological Diversity | Environment & Natural Resources Division |
| P.O. Box 11374 | S. JAY GOVINDAN, Acting Chief |
| Portland, OR 97211-0374 | MEREDITH L. FLAX, Assistant Chief |
| Tel: 971-717-6404 | |
| | /s/ Alison C. Finnegan |
| Jonathan Evans | ALISON C. FINNEGAN, Trial Attorney |
| Center for Biological Diversity | U.S. Department of Justice |
| 1212 Broadway Street, Suite 800 | Environment & Natural Resources Division |
| Oakland, CA 94612 | Wildlife & Marine Resources Section |
| Tel: 510-844-7100, ext. 318 | Ben Franklin Station |
| jevans@biologicaldiversity.org | P.O. Box 7611 |
| | Washington, DC 20044-7611 |
| | Tel: (202) 305-0500 Fax: (202) 305-0275 |
| *Counsel for Plaintiffs* | *Counsel for Federal Defendants* |

**ORDER**

On August 12, 2022, Plaintiffs and Federal Defendants submitted a Stipulation and Final Settlement Agreement for Attorneys' Fees and Costs in the above-captioned case. The Court hereby approves and orders each and every term of the Stipulation and Final Settlement Agreement entered into by and between Plaintiffs and Federal Defendants.

**IT IS SO ORDERED.**

Dated: August 30, 2022

_____ RS
Richard Seeorg for Saundra Brown Armstrong
United States District Judge